**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| CITIZENS BANKING CORPORATION,<br>a Corporation, | Case No.: 2:07-cv-11514 |
| Plaintiff / Counterclaim Defendant, | Judge: Paul D. Borman |
| v. | Referral Judge: Mona K. Majzoub |
| CITIZENS FINANCIAL GROUP, INC.,<br>a Corporation, | |
| Defendant / Counterclaim Plaintiff, | |
| And | |
| CHARTER ONE BANK,<br>NATIONAL ASSOCIATION<br>a National Association, | |
| Defendant / Counterclaim Plaintiff, | |
| And | |
| THE ROYAL BANK OF<br>SCOTLAND GROUP, plc,<br>a Corporation, | |
| Counterclaim Plaintiff. | |

**DEFENDANTS' / COUNTERCLAIM PLAINTIFFS' MOTION**
**FOR A PRELIMINARY INJUNCTION**

Defendants / Counterclaim Plaintiffs Citizens Financial Group, Inc., and Charter One

Bank, National Association (collectively, "CFG"), by and through their attorneys, Kerr, Russell

& Weber, PLC, hereby move this Court, pursuant to Federal Rule of Civil Procedure 65 and 15

U.S.C. § 1116(a), for an order preliminarily enjoining Plaintiff / Counterclaim Defendant,

Citizens Banking Corporation ("CBC"), from using CITIZENS BANK as a designation of origin in connection with banking services in the State of Ohio.

CFG's owns an incontestable federal registration for the service mark CITIZENS BANK, for banking services. CFG's incontestable registration gives it the exclusive right to use its CITIZENS BANK trademark nationwide as of the date of CFG's application for federal registration of this trademark, July 27, 2000. *See* 15 U.S.C. § 1115(c)(5). CFG's nationwide priority and exclusivity is subject to only one limitation applicable here: that CBC may use its nearly identical CITIZENS BANK trademark in only those specific areas of Michigan where CBC had, prior to July 2000, used that mark for banking services. *See id.* In planned violation of CFG's prior federal right to exclusive use of its incontestable CITIZENS BANK trademark, CBC has announced that retail banking branches it has just recently acquired in Ohio and that are currently operating under the name REPUBLIC BANK will, at the end of April 2007, be re-branded as CITIZENS BANK branches. CBC's imminent re-branding of its Ohio branches form REPUBLIC BANK to CITIZENS BANK will cause CFG irreparable injury, in violation of CFG's exclusive rights in its nearly identical CITIZENS BANK mark. Accordingly, CFG has no adequate remedy at law and its injuries are incapable of being remedied by damages.

CFG therefore moves this Court for an Order:

1.      Preliminarily enjoining Citizens Banking Corporation, its agents, servants, employees, attorneys and all persons in active concert or participation with it, from re-naming its retail banking branches in Ohio from REPUBLIC BANK to CITIZENS BANK, or from otherwise using in Ohio in connection with banking services the designation CITIZENS BANK,

or any other indicia of origin that are likely to cause confusion, mistake, or deception with respect to CFG's federally registered and incontestable trademark, CITIZENS BANK.

2.  Granting to CFG such other and further relief as this Court may deem just and proper.

In support of this Motion, CFG submits its supporting brief with exhibits.  CFG respectfully requests oral argument of this Motion.

Dated: April 17, 2007                                    Respectfully submitted,


By:__/ s / Fred K. Hermann_____
    William A. Sankbeil (P19882)
    Fred K. Herrmann (P49519)
    Christi A. Patrick (P69676)
    Kerr, Russell and Weber, PLC
    Detroit Center, 500 Woodward Avenue
    Suite 2500
    Detroit, MI  48226-3406
    (313) 961-0200
    was@krwlaw.com
    fkh@krwlaw.com
    cap2@krwlaw.com


Of counsel:

Peter D. Vogl
Todd R. Geremia
JONES DAY
222 East 41st Street
New York, New York  10017
(212) 326-3939
pdvogl@jonesday.com
trgeremia@jonesday.com

Timothy P. Fraelich
JONES DAY
901 Lakeside Ave
Cleveland, Ohio  44114
(216) 586-3939
tfraelich@jonesday.com

R. David Hosp
Neil T. Smith
GOODWIN PROCTER
Goodwin Procter LLP
Exchange Place
Boston, Massachusetts 02109
(617) 570-1941
RHosp@goodwinprocter.com
NSmith@goodwinprocter.com

Attorneys for Defendant / Counterclaim
Plaintiff CITIZENS FINANCIAL GROUP,
INC., Defendant / Counterclaim Plaintiff
CHARTER ONE, NATIONAL
ASSOCIATION and Counterclaim Plaintiff
THE ROYAL BANK OF SCOTLAND
GROUP, plc.

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| CITIZENS BANKING CORPORATION,<br>a Corporation, | ) Case No.: 2:07-cv-11514 |
| ) | ) Judge: Paul D. Borman |
| Plaintiff / Counterclaim Defendant, | ) |
| ) | ) Referral Judge: Mona K. Majzoub |
| v. | ) |
| ) | |
| CITIZENS FINANCIAL GROUP, INC.,<br>a Corporation, | ) |
| ) | |
| Defendant / Counterclaim Plaintiff, | ) |
| ) | |
| And | ) |
| ) | |
| CHARTER ONE BANK,<br>NATIONAL ASSOCIATION<br>a National Association, | ) |
| ) | |
| Defendant / Counterclaim Plaintiff, | ) |
| ) | |
| And | ) |
| ) | |
| THE ROYAL BANK OF<br>SCOTLAND GROUP, plc,<br>a Corporation, | ) |
| ) | |
| Counterclaim Plaintiff. | ) |

**DEFENDANTS' / COUNTERCLAIM PLAINTIFFS' MEMORANDUM OF LAW IN**
**SUPPORT OF THEIR MOTION FOR A PRELIMINARY INJUNCTION**

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ............................................................................................. iii

STATEMENT OF ISSUE PRESENTED ........................................................................... v

STATEMENT OF FACTS ................................................................................................ 2

    A.    CFG's Use of CITIZENS BANK and Its Incontestable Federal
        Registration ............................................................................................... 2

    B.    CBC's Use of the Nearly Identical Mark CITIZENS BANK.................... 4

    C.    CBC's Admissions in Trademark Infringement Litigation
        Concerning CITIZENS Marks .................................................................. 5

ARGUMENT ................................................................................................................... 7

  I.    CFG IS LIKELY TO SUCCEED ON THE MERITS OF ITS
      TRADEMARK INFRINGEMENT COUNTERCLAIM ..................................... 8

    A.    CFG Owns an Incontestable Registration.................................................. 8

    B.    CBC's Use Of CITIZENS BANK Is Likely To Cause Confusion
        With CFG's CITIZENS BANK Mark ...................................................... 10

        1.    CITIZENS BANK Is Strong As Against CBC's Nearly
            Identical Mark ............................................................................. 10

        2.    CBC's CITIZENS BANK Mark Is Confusingly Similar To
            CFG's Incontestable CITIZENS BANK Mark............................ 12

        3.    CFG and CBC Both Offer Identical Retail Banking and
            Financial Services Under the Marks CITIZENS BANK ............. 13

        4.    The Parties Use Identical Marketing Channels............................ 14

        5.    The "Degree of Purchaser Care" Inquiry Does Not Lessen
            The Likelihood of Confusion...................................................... 14

        6.    CBC Is Planning To Expand Its Use Of CITIZENS BANK
            Into Ohio, Where CFG Has Exclusive Rights To Its
            CITIZENS BANK Mark............................................................. 15

        7.    The Remaining Factors Do Not Weigh Against A
            Likelihood Of Confusion Here .................................................. 16

  II.   THE BALANCE OF HARMS SHOWS THAT THE COURT SHOULD
      ORDER A PRELIMINARY INJUNCTION ...................................................... 18

    A.    Irreparable Harm Is Presumed With A Likelihood Of Confusion........... 18

    B.    The Balance Of Hardships Tips In CFG's Favor..................................... 18

**TABLE OF CONTENTS**
**(continued)**

**Page**

C.  A Preliminary Injunction Serves The Public Interest ............................. 19

CONCLUSION.................................................................................................................. 20

# TABLE OF AUTHORITIES

**Page**

## CASES

*Ameritech, Inc. v. Am. Info. Techs. Corp.*,
  811 F.2d 960 (6th Cir. 1987) ...........................................................................19

*Autozone, Inc. v. Tandy Corp.*,
  373 F.3d 786 (6th Cir. 2004) ...........................................................................11

*Champions Golf Club, Inc. v. Champions Golf Club, Inc.*,
  78 F.3d 1111 (6th Cir. 1996) ...................................................10, 11, 12, 15, 17

*Circuit City Stores, Inc. v. CarMax, Inc.*,
  165 F.3d 1047 (6th Cir. 1999) .............................................................8, 16, 18

*Citizens Banking Corp. v. CNB Banchares, Inc.*,
  Slip. Op. (E.D. Mich. Dec. 23, 1998) .................................................11, 12, 13

*Comerica Inc. v. Fifth Third Bancorp.*,
  282 F. Supp. 2d 557 (E.D. Mich. 2003)...............................................................14

*Daddy's Junky Music Stores, Inc. v. Big Daddy's Family Music Ctr.*,
  109 F.3d 275 (6th Cir. 1997) .........................................................3, 12, 15, 17

*Data Concepts, Inc. v. Digital Consulting, Inc.*,
  150 F.3d 620 (6th Cir. 1998) ................................................................... 16-17

*Ferguson v. Neighborhood Hous. Servs.*,
  780 F.2d 549 (6th Cir. 1986) .............................................................................2, 7

*First Nat'l Bank v. First Nat'l Bank*,
  153 F.3d 885 (8th Cir. 1998) ...........................................................................14

*Gen. Motors Corp. v. Keystone Auto. Indus., Inc.*,
  453 F.3d 351 (6th Cir. 2006) ...........................................................................12

*Hindu Incense v. Meadows*,
  692 F.2d 1048 (6th Cir. 1982) .........................................................................11

*Homeowners Group, Inc. v. Home Mktg. Specialists, Inc.*,
  931 F.2d 1100 (6th Cir. 1991) .............................................................10, 11, 13

*Induct-O-Matic Corp. v. Inductotherm Corp.*,
  747 F.2d 358 (6th Cir. 1984) ...........................................................................12

*Karkoukli's v. Dohany*,
  409 F.3d 279 (6th Cir. 2005) .........................................................................2, 15

*Little Caesar Enters., Inc. v. Pizza Caesar, Inc.*,
  834 F.3d 568 (6th Cir. 1987) ...........................................................................10

*Lorillard Tobacco Co. v. Amouri's Grand Foods, Inc.*,
  453 F.3d 377 (6th Cir. 2006) .......................................................................18, 20

*Park 'N Fly, Inc. v. Dollar Park & Fly, Inc.*,
  469 U.S. 189 (1985)...........................................................................................9

*Thermo-Scan, Inc. v. Thermoscan, Inc.*,
  295 F.3d 623 (6th Cir. 2002) .......................................................................10, 17

*Tumblebus Inc. v. Cranmer*,
  399 F.3d 754 (6th Cir.), *cert. denied*, 126 S. Ct. 361 (2005)................................8

*WSM, Inc. v. Tenn. Sales Co.*,
  709 F.2d 1084 (6th Cir. 1983) ......................................................................12-13

*Wynn Oil Co. v. Am. Way Serv. Corp.*,
  943 F.2d 595 (6th Cir. 1991) ............................................................................18

## STATUTES

15 U.S.C. § 1057(c) ........................................................................................9, 17, 19

15 U.S.C. § 1115(b) ..................................................................................................9

15 U.S.C. § 1115(b)(5) .........................................................................................9, 17

### STATEMENT OF ISSUE PRESENTED

Whether, in connection with Defendant's counterclaim in this trademark infringement action, Plaintiff Citizens Banking Corporation should be preliminarily enjoined from imminently (at the end of April 2007) re-branding its retail banking branches from REPUBLIC BANK to CITIZENS BANK in Ohio, a State where Defendant, Citizens Financial Group, Inc., has an exclusive right to use its nearly identical, federally registered, and incontestable service mark CITIZENS BANK?

Defendant, Citizens Financial Group, Inc., respectfully answers:  Yes.

# INTRODUCTION

This case concerns the competing rights of two banks to use trademarks that incorporate "citizens."  The Plaintiff, Citizens Banking Corporation ("CBC"), has sued Defendant, Citizens Financial Group, Inc. ("CFG"), to enjoin CFG from using the mark RBS CITIZENS in Michigan.  CBC's claim is based on its alleged rights to CITIZENS BANK in Michigan.  The word "citizens" is one of the most commonly used in the banking industry, however.  As a result, trademarks incorporating "citizens" for banking services are afforded the narrowest scope of protection:  allowing enforcement of rights against only those allegedly infringing marks that are identical or nearly identical.  CFG's RBS CITIZENS mark and CBC's CITIZENS BANK mark are manifestly *not* nearly identical, as the examples of the parties' marks below illustrate:

CFG's mark:                              CBC's mark:

                     

This motion does not concern CBC's claim, however, but CFG's counterclaim.  CFG's counterclaim, unlike CBC's claim, does involve two nearly identical trademarks.  CFG owns an incontestable federal registration in CITIZENS BANK, and CBC also uses a CITIZENS BANK mark:

CFG's mark:                              CBC's mark:

                     

By this motion, CFG seeks to preliminarily enjoin CBC from re-branding its recently acquired REPUBLIC BANK branches in Ohio as CITIZENS BANK branches.  That re-branding is scheduled to take place at the end of this month, and, if it happens, CBC will be infringing

CFG's superior and exclusive rights to use its incontestable, federally registered CITIZENS BANK mark in Ohio.

CBC cannot have its cake and eat it too.  That is, CBC cannot on the one hand claim that CFG's RBS CITIZENS mark will infringe CBC's CITIZENS BANK mark in Michigan, while on the other hand pretend that it is entitled to use a mark that infringes CFG's virtually identical mark in Ohio.  If, as CBC contends, the mark RBS CITIZENS is likely to cause confusion with CBC's CITIZENS BANK mark—a contention that we will show at the appropriate time is wrong—CBC's CITIZENS BANK mark necessarily is likely to cause confusion with CFG's nearly identical CITIZENS BANK mark.  CBC's own binding admissions in this case, and in a related litigation involving the mark CITIZENS FIRST, thus make clear that CBC should be enjoined from its plan to imminently re-brand its REPUBLIC BANK branches in Ohio as CITIZENS BANK.[1]

### STATEMENT OF FACTS

**A.  CFG's Use of CITIZENS BANK and Its Incontestable Federal Registration**

CFG is a $164 billion commercial bank holding company.  It is headquartered in Providence, Rhode Island and owns subsidiary banks that have more than 1,600 branches, approximately 3,200 ATMs and 26,000 employees.  Through its subsidiary banks, CFG operates

---

[1]  CFG does not subscribe to a number of CBC's arguments and allegations in this case and in the related case, *Citizens Banking Corp. v. Citizens First Bancorp, Inc.*, No. 2:07-cv-10985 (E.D. Mich.).  For the purposes of this motion, however, CBC should be bound by the claims and assertion in its own complaint and its pleadings in the *Citizens First* action.  *See Karkoukli's, Inc. v. Dohany*, 409 F.3d 279, 283 (6th Cir. 2005) (statements in brief are "judicial admissions"); *Ferguson v. Neighborhood Hous. Servs.*, 780 F.2d 549, 551 (6th Cir. 1986) (plaintiff "should be bound, and is bound" by complaint allegations).

a retail branch network in thirteen states and has non-branch retail and commercial offices throughout the United States.  Ranked by deposits, CFG is the eighth-largest commercial banking company in the United States.  *See* Declaration of Theresa McLaughlin ¶ 4.[2]

The predecessor of CFG began doing business in 1828.  CFG has used the name CITIZENS continuously as a trademark since 1871.  Today, CFG owns a family of marks that include the word "citizens," fifteen of which are registered with the U.S. Patent and Trademark Office.  Six of CFG's federal registrations that include the word CITIZENS are "incontestable."[3] One of those, CITIZENS BANK, is the mark at issue on this motion:



The application for this now-incontestable service mark was filed on July 27, 2000, and it was entered on the Principal Register of the U.S. Patent and Trademark Office on August 28, 2001.  *See* McLaughlin Decl. ¶¶ 5, 9-10; Declaration of Neil T. Smith ¶¶ 3-4 & Exs. 1-18.

CFG has, over the last decade, expanded the geographic scope of its use of its incontestable CITIZENS BANK mark.  In 2001, CFG acquired the retail operations of Mellon Financial Corporation, which had branches in Pennsylvania and the Mid-Atlantic region, and re-

---

[2]  Theresa McLaughlin is the Group Executive Vice President and Chief Marketing Officer of Citizens Financial Group, Inc. and Charter One Bank, N.A.  *See* McLaughlin Decl. ¶ 1.

[3]  A trademark becomes incontestable if it is not successfully challenged within five years of its registration and the registrant complies with certain filing requirements.  *See Daddy's Junky Music Stores, Inc. v. Big Daddy's Family Music Ctr.*, 109 F.3d 275, 282 (6th Cir. 1997).  Subject to certain defenses not at issue on CFG's counterclaim, an incontestable federal registration for a mark is conclusive evidence that it is valid and protectable.  *See id.*  And, as of the application date, the owner of an incontestable federal registration is entitled to nationwide priority of use of the incontestable mark.  *See id.*

branded as CITIZENS BANK more than three hundred branches.  Continuously from the date of that acquisition, CFG has offered banking services under the CITIZENS BANK mark in Ohio. For example, from 2001 to 2006, CFG's branches operating under the CITIZENS BANK mark have had, on an annual basis, as much as $235 million in outstanding loans in Ohio.  In 2004, CFG also acquired the retail banking operations of Charter One Financial, Inc.  After that acquisition, CFG re-branded CHARTER ONE branches as CITIZEN BANK throughout New England.[4]  *See* McLaughlin Decl. ¶¶ 12-13.

**B.      CBC's Use of the Nearly Identical Mark CITIZENS BANK**

On December 29, 2006, Republic Bancorp Inc. merged with CBC Corporation to create Citizens Republic Bancorp, the Plaintiff here.  *See* Smith Decl., Ex. 23 ¶ 10.  Before the merger, CBC and its predecessors were primarily located in Michigan and operated as CITIZENS BANK. *See id.* ¶¶ 6, 11-15.  After the merger, CBC announced that, at the end of April 2007, certain branches that are now operating under the name REPUBLIC BANK in Ohio will be re-branded as CITIZENS BANK.  *See* Smith Decl., Ex. 24; *id.* Ex. 25 at 24.  CBC's conversion from REPUBLIC BANK to CITIZENS BANK is scheduled to take place over the weekend of April 28.  *See id.*; *see also* Wrenn Decl. ¶¶ 4-6.

In addition to the branches newly acquired in December 2006, CBC previously acquired branches in Wisconsin and operates them under the CITIZENS BANK mark.  *See* Smith Decl.,

---

[4]   Partly due to CBC's asserted position with respect to CITIZENS BANK in Michigan, CFG did not re-brand its Michigan CHARTER ONE branches under the *nearly identical* mark CITIZENS BANK.  For a related business reason, Defendant also did not re-brand CHARTER ONE banks in Ohio, Indiana, or Illinois, because the marketing for these states is done collectively with Michigan as a single business unit.  *See* McLaughlin Decl. ¶¶ 12-13.

Ex. 25 at 5. However, importantly for purposes of this motion, as of July 2000 (the date of CFG's application for its incontestable mark CITIZENS BANK), CBC had no CITIZENS BANK branches outside Michigan. *See* Smith Decl., Ex. 27. As a result, CFG is deemed the senior user over CBC of the CITIZENS BANK mark throughout the country except in specific areas of Michigan, and, as set forth in more detail below, any expansion by CBC of its use of CITIZENS BANK as a trademark outside those areas is in violation of CFG's superior rights.

**C.    CBC's Admissions in Trademark Infringement Litigation Concerning CITIZENS Marks**

CBC has asserted rights in "citizens" marks in Michigan in a manner that is directly relevant to this motion. While CFG does not subscribe to all of CBC's assertions, they show that, if CBC's version of the facts is to be believed, CBC should be enjoined in this action from using CITIZENS BANK outside the State of Michigan. In *Citizens Banking Corp. v. Citizens First Bancorp, Inc.*, No. 2:07-cv-10985, a case in this District, CBC claims that Citizens First Bancorp, Inc., a provider of retail banking services in Michigan, is infringing CBC's marks by using the mark CITIZENS FIRST in Oakland County. *See* Smith Decl., Ex. 19. According to CBC's allegations in that action, its purported rights in the word "citizens" operate to preclude Citizens First from using any "mark incorporating the term 'Citizens,'" including CITIZENS FIRST even though CBC does not actually own any rights in the mark CITIZENS FIRST. *See id.* ¶ 19; *see also* Ex. E to *Citizens First* Compl. (where CBC asserted rights to "any form of the CITIZENS mark in connection with banking services").

On March 22, 2007, CBC moved in this Court for a preliminary injunction in the *Citizens First* action. *See* Smith Decl., Ex. 20. CBC asserted that it is entitled to an injunction pending

trial against the use of CITIZENS FIRST in Oakland County because (i) CBC owns senior rights in CITIZENS over Citizens First, in part due to CBC's federal registrations in a handful of "citizens" marks—*none of which* is CITIZENS BANK; (ii) CITIZENS BANK and CITIZENS FIRST "are identical" because, among other reasons, "[g]enerally the first part of a mark is the 'dominant' portion"; (iii) according to CBC, CITIZENS is a strong trademark due to its "inherently distinctive" characteristics when used for banking services; and (iv) consumers of retail banking services are not particularly sophisticated.  *See id.* at 9-10, 13, 16.

Under CBC's binding admission in the *Citizens First* action, CBC should be enjoined from using the mark CITIZENS BANK outside Michigan and should be preliminarily enjoined from re-branding its retail bank branches in Ohio at the end of April 2007.  Tracking CBC's assertions in the *Citizens First* action:  (i) CFG owns senior rights in CITIZENS BANK outside Michigan, due to CFG's *incontestable federal registration* in the mark; (ii) the parties' CITIZENS BANK marks not only share what CBC calls the "dominant portion," *i.e.*, the first word "citizens," but unlike CITIZENS BANK and CITIZENS FIRST (and unlike CITIZENS BANK and RBS CITIZENS), these marks are *nearly identical*; (iii) CFG owns an incontestable federal registration for CITIZENS BANK and, according to CBC, CITIZENS BANK is a "strong" trademark; and (iv) consumers of retail banking services are not, according to CBC, particularly careful in "analyzing the differences between products and services," Smith Decl., Ex. 20 at 16.

CBC's complaint in this very action similarly shows that, according to its own binding admissions, it should be enjoined from expanding the use of its CITIZENS BANK mark.

According to CBC, CFG's use of the mark RBS CITIZENS allegedly infringes CBC's rights in CITIZENS BANK.  *See* Compl. ¶¶ 20, 27-32 (Smith Decl., Ex. 21).  Notwithstanding the obvious visual and aural differences in those marks, as set forth in the examples below, CBC contends that RBS CITIZENS is "substantially identical to CBC's CITIZENS Mark" and seeks to enjoin CFG from using it in Michigan:

CFG's mark:      CBC's mark:

 

*See* Answer & Counterclaims ¶¶ 27, 30 (Smith Decl., Ex. 22).  CFG will show, at the appropriate time, that CBC's claim is completely without merit and should be dismissed, due to many factors including the obvious and significant differences between the above marks.  For present purposes, however, if the clearly distinguishable marks RBS CITIZENS and CITIZENS BANK should be deemed substantially similar, as plaintiff asserts, it necessarily follows that CBC's CITIZENS BANK mark infringes CFG's *nearly identical* mark outside the State of Michigan. *See generally Ferguson v. Neighborhood Housing Servs.*, 780 F.2d 549, 551 (6th Cir. 1986) ("[Plaintiff] should be bound, and is bound by its admission" in the complaint.).

## ARGUMENT

The Court should enter a preliminary injunction against CBC's planned expansion of the use of CITIZENS BANK into Ohio, where CFG is entitled to exclusive use of its incontestable trademark.  In deciding whether to grant a preliminary injunction, the Court should consider (1) whether the movant has a strong likelihood of success on the merits, (2) whether the movant will

suffer irreparable injury absent an injunction, (3) whether granting the injunction would cause substantial harm to others, and (4) where the public interest lies. *See Tumblebus Inc. v. Cranmer*, 399 F.3d 754, 760 (6th Cir. 2005), *cert. denied*, 126 S. Ct. 361 (2005). In a trademark infringement case, the critical inquiry for purposes of a preliminary injunction motion is whether consumers are likely to be confused by the opponent's allegedly infringing use of the movant's trademark. That is because "irreparable injury 'ordinarily follows when a likelihood of confusion or possible risk to reputation appears.'" *Circuit City Stores, Inc. v. CarMax, Inc.*, 165 F.3d 1047, 1056 (6th Cir. 1999) ("[N]o particular finding of . . . irreparable harm is necessary for injunctive relief in trademark infringement or unfair competition cases."). In light of CBC's admissions in this case and other prior and ongoing litigation concerning the CITIZENS BANK mark, CFG will readily make that showing here.

## I.      CFG IS LIKELY TO SUCCEED ON THE MERITS OF ITS TRADEMARK INFRINGEMENT COUNTERCLAIM

To prevail on its trademark infringement counterclaim, CFG must show that (1) its rights in the CITIZENS BANK mark are valid and enforceable, and (2) consumers are likely to confuse the origin of services offered by CFG and CBC under the nearly identical mark CITIZENS BANK. *See Tumblebus*, 399 F.3d at 761. CFG is likely to be successful in proving each of these elements at trial.

### A.      CFG Owns an Incontestable Registration

CFG's CITIZENS BANK mark is, as a matter of law, valid and incontestable. *See* Smith Decl. ¶ 4 & Ex. 2. CFG has used CITIZENS as a trademark since 1871. *See* McLaughlin Decl. ¶ 5. The specific mark at issue here, CITIZENS BANK with the stylized "C" logo, has been

used continuously in interstate commerce since March 1976.  *See id.* ¶ 9.  CFG's federal

registration for CITIZENS BANK effectively dates to July 2000, when CFG filed its application

for the mark.  *See* 15 U.S.C. § 1057(c); *see also* Smith Decl. ¶ 4 & Ex. 2.  And in 2006 CFG's

federal registration became "incontestable" under federal law.  *See id.*  Under the Lanham Act, a

federal registration for an incontestable trademark "shall be *conclusive evidence* of the

registrant's exclusive right to use the registered mark," subject to certain conditions and

defenses.  15 U.S.C. § 1115(b) (emphasis added); *see also Park 'N Fly, Inc. v. Dollar Park &

Fly, Inc.*, 469 U.S. 189, 195 (1985).  There is thus no question that CFG has valid and

enforceable rights in its CITIZENS BANK mark.

   The incontestable status of CFG's mark also means that CBC is foreclosed from asserting

a prior right to use CITIZENS BANK outside the specific areas of Michigan where CBC used

the mark as of July 2000, the date of CFG's application for federal registration.  Under the

Lanham Act, a party may assert as a defense against an incontestable trademark that it adopted

an allegedly infringing mark "without knowledge of the registrant's prior use," if the alleged

infringer used its mark continuously before the application date for the incontestable mark.  *See*

15 U.S.C. § 1115(b)(5).  The statute makes clear, however, that this defense "shall apply only for

the area in which such continuous prior use is proven."  *Id.*  The incontestable status of CFG's

CITIZENS BANK mark thus means that CFG has an *exclusive* right over CBC to use that mark

anywhere throughout the United States where CBC had not used CITIZENS BANK

continuously before July 2000, *i.e.*, everywhere in the country outside specific areas of

Michigan.  *See Champions Golf Club, Inc. v. Champions Gulf Club, Inc.*, 78 F.3d 1111, 1123

(6th Cir. 1996).

### B.   CBC's Use Of CITIZENS BANK Is Likely To Cause Confusion With CFG's CITIZENS BANK Mark

"The touchstone of trademark law is the 'likelihood of confusion.'"  *Little Caesar*

*Enters., Inc. v. Pizza Caesar, Inc.*, 834 F.2d 568, 570 (6th Cir. 1987) (citation omitted).  Eight

factors are "relevant in determining whether a likelihood of confusion exists":  (1) the strength of

the senior user's mark; (2) the relatedness of the goods or services offered by the senior and

junior user; (3) the similarity of the marks; (4) any evidence of actual confusion; (5) the

marketing channels used by the parties; (6) the probable degree of purchaser care and

sophistication; (7) the junior user's intent in selecting its mark; and (8) the likelihood of either

party expanding its product lines using the marks.  *See Thermo-Scan, Inc. v. Thermoscan, Inc.*,

295 F.3d 623, 630 (6th Cir. 2002).  The likelihood of confusion factors are "simply a guide to

help determine whether confusion would be likely to result from simultaneous use of the two

contested marks."  *Champions*, 78 F.3d at 1116 (internal quotation marks omitted).  Not all of

these factors will be relevant in every case, and in the course of applying them, "[t]he ultimate

question remains whether relevant consumers are likely to believe that the products or services

offered by the parties are affiliated in some way."  *Homeowners Group, Inc. v. Home Mktg.*

*Specialists, Inc.*, 931 F.2d 1100, 1107 (6th Cir. 1991).

#### 1.   CITIZENS BANK Is Strong As Against CBC's Nearly Identical Mark

A "strong mark enjoys greater protection while the weak mark is afforded little support."

*Hindu Incense v. Meadows*, 692 F.2d 1048, 1050 (6th Cir. 1982); *see also Champions*, 78 F.3d at

1117.  CFG's mark CITIZENS BANK is not only valid and enforceable, as set forth above, but its incontestable status also affords it a *presumption* of strength as against CBC's nearly identical mark.  "'Incontestable' trademarks—those that have not been successfully challenged within five years of registration, are presumed to be strong marks." *Autozone, Inc. v. Tandy Corp.*, 373 F.3d 786, 794 (6th Cir. 2004) (internal citation omitted).[5]

In addition, the scope of protection for CFG's CITIZENS BANK mark is plainly broad enough to prevent CBC from using its *nearly identical* CITIZENS BANK mark.  Indeed, in another action brought by CBC, this Court preliminarily enjoined an Indiana-based company from using the service mark CITIZENS BANK in Michigan because it was nearly identical to CBC's CITIZENS BANK mark.  *See Citizens Banking Corp. v. CNB Bancshares, Inc.*, No. 98-cv-74195, slip op. at 1, 14-15 (E.D. Mich. Dec. 23, 1998) (Duggan, J.) (attached as Ex. 24 to Smith Decl.).  In this specific context, the Court noted that third-party use of the word "citizens" in connection with banking services did not diminish the strength of plaintiff's marks *as against a nearly identical mark*.  *See id.* at 8 n.2.  Applying that same reasoning here, third-party use of "citizens" outside Michigan, where CFG has a prior right over CBC to exclusive use of

_____

[5]  CBC contends, in its motion for a preliminary injunction against Citizens First Bancorp, that the CITIZENS BANK mark is inherently distinctive and thus strong.  *See* Smith Decl., Ex. 20 at 10.  While CFG's incontestable registration for its CITIZENS BANK mark confers a presumption of strength, CBC is wrong about the strength and distinctiveness of its CITIZENS marks.  As CFG has set forth in its Answer and Counterclaims, and will show the Court in greater detail when appropriate, the use of the word "citizens" is widespread among financial institutions in the United States.  *See* Smith Decl., Ex. 22 ¶¶ 34-44.  As a result, CBC's CITIZENS marks are entitled to only a narrow scope of protection.  *See, e.g., Homeowners*, 931 F.2d at 1108 ("[E]xtensive third-party uses of a trademark [] substantially weaken[s] the strength of a mark.").

CITIZENS BANK, does not diminish the strength of CFG's mark as against CBC's nearly identical mark.

### 2.     CBC's CITIZENS BANK Mark Is Confusingly Similar To CFG's Incontestable CITIZENS BANK Mark

The "similarity of the marks" factor is a critical factor in the likelihood-of-confusion analysis and is "entitled to considerable weight."  *Champions*, 78 F.3d at 1119; *see also Daddy's Junky Music Stores, Inc. v. Big Daddy's Family Music Ctr.*, 109 F.3d 275, 283 (6th Cir. 1997).

The marks at issue here—CFG's federally registered, incontestable mark in CITIZENS BANK and CBC's CITIZENS BANK—are not just similar, but *nearly identical*.

CFG's mark:                    CBC's mark:

   

*See* Smith Decl., Exs., 2 & 22 ¶ 23. The Sixth Circuit has repeatedly held in analogous circumstances that a party with inferior rights in a mark, such as CBC here, will not be permitted to use a mark that is nearly identical to one used by a party with prior rights in that mark.  *See, e.g.*, *Gen. Motors Corp. v. Keystone Auto. Indus., Inc.*, 453 F.3d 351, 356 (6th Cir. 2006) ("The trademarks at issue are virtually identical apparently with only trivial differences.  This factor further points towards a likelihood of confusion."); *Induct-O-Matic Corp. v. Inductotherm Corp.*, 747 F.2d 358, 361 (6th Cir. 1984) (affirming finding of "a high degree of similarity between 'INDUCTO' and 'INDUCT-O-MATIC'"); *WSM, Inc. v. Tenn. Sales Co.*, 709 F.2d 1084, 1086 (6th Cir. 1983) (enjoining t-shirt design that was "virtually identical" to design used by holder of incontestable trademark).

In addition, CBC itself has asserted in its complaint that CFG's "CITIZENS Mark" "is substantially similar or identical" to CBC's "CITIZENS Mark."  Compl. ¶¶ 30, 35 (Smith Decl., Ex. 21).  In so alleging, CBC simply ignores that the marks at issue on its infringement claim are CBC's CITIZENS BANK and CFG's RBS CITIZENS, which are *not* nearly identical.  In any event, taking CBC at its word on its claim against CFG, it necessarily follows that CBC's CITIZENS BANK mark must be deemed "substantially similar or identical" to CFG's CITIZENS BANK mark.  And, *unlike* RBS CITIZENS and CITIZENS BANK, the marks at issue on this motion are indeed "substantially similar or identical."  In *CNB Banchares, Inc.*, for example, this Court preliminarily enjoined a different defendant from using CITIZENS BANK, because "[p]lainly the marks are similar in that they both employ the words CITIZENS BANK" and CBC had a prior right to use that mark in Michigan.  *See* Smith Decl., Ex. 26, slip op. at 10. Likewise here, CFG has a *nationwide* prior right over CBC to use CITIZENS BANK in all areas outside specific areas of Michigan.

### 3.    CFG and CBC Both Offer Identical Retail Banking and Financial Services Under the Marks CITIZENS BANK

The Sixth Circuit has adopted a framework whereby when parties' goods or services are in "direct competition," as they are in this case, "confusion is likely if the marks are sufficiently similar."  *Homeowners*, 931 F.2d at 1108.  As noted above, here the marks are not only "sufficiently similar," they are nearly identical.  Accordingly, consumers are deemed likely to confuse CBC's use of CITIZENS BANK with CFG's use CITIZENS BANK.  Once again, CBC has argued the same point in papers filed with this Court.  *See* Compl. ¶ 30; *see also* Smith Decl., Ex. 20 at 15 ("Since both Citizens and CFGs offer the same type of banking services using

13

virtually identical marks in the same trading area, *it is almost certain that customers are likely to be misled into thinking that a branch name incorporating the term 'Citizens' is in fact one of Citizens' bank branches*.") (emphasis added).

### 4.     The Parties Use Identical Marketing Channels

Both CBC and CFG use nearly identical marketing channels:  they each use television, radio, newspapers, brochures, direct mail, and other related media to reach consumers and potential consumers.  *See* McLaughlin Decl. ¶ 11; Smith Decl., Ex. 23 ¶ 20-26;.  In addition, both parties market and offer their services nationwide over the Internet and offer online banking services.  *See id.*  This complete overlap in marketing channels thus plainly favors CFG in the likelihood of confusion analysis.

### 5.     The "Degree of Purchaser Care" Inquiry Does Not Lessen The Likelihood of Confusion

This Court has noted that "'[c]onsumers tend[] to exercise relatively high degree of care in selecting banking services.'"  *Comerica Inc. v. Fifth Third Bancorp.*, 282 F. Supp. 2d 557, 571 (E.D. Mich. 2003) (quoting *First Nat'l Bank v. First Nat'l Bank*, 153 F.3d 885, 889 (8th Cir. 1998)).  The Sixth Circuit has clearly and repeatedly held, however, that where marks are "confusingly similar" even a careful consumer is likely to confuse the origin of the products or services at issue:

> [C]onfusingly similar marks may lead a purchaser who is extremely careful and knowledgeable about the [product] that he is buying to assume nonetheless that the seller is affiliated with or identical to the other party.

14

*Daddy's Junky Music*, 109 F.3d at 286; *see also Champions*, 78 F.3d at 1121 ("[W]here the products are identical and the marks are identical, the sophistication of the buyers cannot be relied on to prevent confusion.") (internal quotation marks omitted).

      CBC asserts that consumers of retail banking services in Michigan are not sophisticated. According to it, "the parties' target market is no more 'sophisticated' than the general population."  Smith Decl., Ex. 20 at 16.  "[T]he level of purchaser care is likely to be fairly low, and would not mitigate any confusion."  *Id.*  CFG does not agree that "purchaser care is likely to be fairly low" when consumers choose their retail bank.  For purposes of this motion, however, plaintiff is bound to that judicial admission.  *See Karkoukli's v. Dohany*, 409 F.3d 279, 283 (6th Cir. 2005) (statements in briefs are "judicial admissions").  In any event, as set forth above, the degree of purchaser care does not weigh against a finding of likelihood of confusion here, due to the nearly identical nature of the parties' marks and the similarity of the services they provide.

      **6.**    **CBC Is Planning To Expand Its Use Of CITIZENS BANK Into Ohio, Where CFG Has Exclusive Rights To Its CITIZENS BANK Mark**

      The likelihood of expansion factor inquires into both geographic and product-line expansion.  *See Champions*, 78 F.3d at 1121.  Here, not only does CFG's incontestable federal registration give it the right to expand its use of CITIZENS BANK nationwide, but CFG has, in fact, expanded.  It operates CITIZENS BANK branches throughout the Northeast and Mid-Atlantic regions and, since 2001, has used its CITIZENS BANK mark in Pennsylvania and Ohio.  *See* McLaughlin Decl. ¶¶ 12-13.  Meanwhile, CBC has announced its intent to imminently expand its operations into Ohio, where CFG has the prior, exclusive right to use its incontestable CITIZENS BANK mark.  *See* Wrenn Decl. ¶¶ 4-6; Smith Decl., Exs. 24 & 25 at p. 24.  As CBC

itself has argued, where "[b]oth parties have demonstrated aggressive geographic expansion efforts in the last several years," leading to likely overlap in service areas, the likelihood-of-expansion factor weighs in favor of finding a likelihood of confusion.  Smith Decl., Ex. 20 at 17-18.

While the Lanham Act does not foreclose CBC from expanding the geographic scope of its business, the incontestable status of CFG's federal registration for CITIZENS BANK does mean that CBC may *not* use CFG's trademark, or any marks confusingly similar to it, in geographic areas outside Michigan where CFG has a prior right to use CITIZENS BANK.  Indeed, CFG is entitled to enjoin CBC's use of its infringing mark regardless of whether the parties actually compete in these geographic areas.   *See Circuit City*, 165 F.3d at 1056 ("[N]o particular finding of likelihood of entry [into a market where the accused infringer is operating] . . . is necessary for injunctive relief in trademark infringement or unfair competition cases."); *id.* at 1057 (Jones, J., concurring).  Here, because CBC has announced its plan to expand the use of CITIZENS BANK into Ohio at the end of April 2007, the Court should protect CFG's prior rights by preliminarily enjoining CBC's planned infringement.

### 7.    The Remaining Factors Do Not Weigh Against A Likelihood Of Confusion Here

The remaining factors in the analysis—CBC's intent and evidence of actual confusion—do not weigh against a likelihood of confusion.  The Sixth Circuit has repeatedly held that the absence of evidence of either bad-faith intent or actual confusion cannot weigh against a likelihood of confusion.  *See, e.g.*, *Data Concepts, Inc. v. Digital Consulting, Inc.*, 150 F.3d 620, 626-27 (6th Cir. 1998); *Daddy's Junky Music*, 109 F.3d at 286.  This is because a party need not

establish *actual* confusion to show a "likelihood" of confusion. *Champions,* 78 F.3d at 1119. And, though a party's bad-faith intent in adopting an infringing mark is probative of a likelihood of consumer confusion, a party cannot mitigate confusion by showing that it has adopted and used its mark in good faith. *See Thermo-Scan*, 295 F.3d at 640.

In any event, under the Lanham Act, CBC is charged with constructive notice of CFG's rights in CITIZENS BANK since July 2000, the date of CFG's application for federal registration. *See* 15 U.S.C. § 1057(c) (nationwide constructive notice as of the date of registrant's application). And, as of that date, CBC cannot claim that it either lacks knowledge of CFG's exclusive right to use CITIZENS BANK or that CBC has a good-faith basis for expanding into geographic areas outside Michigan where it had not previously used CITIZENS BANK. *See Champions*, 78 F.3d at 1123 ("After registration, there can be no 'innocent' users, and even an innocent prior user cannot expand the areas of its use . . . ."); *see also* 15 U.S.C. § 1115(b)(5) (defense of innocent use without knowledge of registrant's prior use is limited to uses for "date[s] prior to the . . . registration").

* * *

Balancing the likelihood of confusion factors is not difficult here. CFG's mark is incontestable and, according to CBC's own admissions, should be deemed strong as against CBC's mark. The marks at issue are also nearly identical. Further, the parties offer similar banking services through the same marketing channels; even careful consumers are likely to confuse the origin of such similar services; CBC is expanding into areas where CFG has a prior, exclusive right to use CITIZENS BANK; and the factors of actual confusion and intent are, at

17

best for CBC, irrelevant here.  Although the factor analysis is not a checklist, in this case the balancing plainly shows that CBC's CITIZENS BANK mark is likely to cause consumer confusion with CFG's mark.  CFG is thus likely to succeed on its counterclaim for trademark infringement and, as discussed below, CBC should therefore be preliminarily enjoined from re-branding branches in Ohio as CITIZENS BANK.

## II.   THE BALANCE OF HARMS SHOWS THAT THE COURT SHOULD ORDER A PRELIMINARY INJUNCTION

### A.   Irreparable Harm Is Presumed With A Likelihood Of Confusion

The Sixth Circuit has made clear that "our Circuit requires no particular finding to support injunctive relief in cases of this type, for irreparable injury ordinarily follows when a likelihood of confusion or possible risk to reputation appears from infringement or unfair competition."  *Lorillard Tobacco Co. v. Amouri's Grand Foods, Inc.*, 453 F.3d 377, 381-82 (6th Cir. 2006) (internal quotation marks omitted); *see also Circuit City,* 165 F.3d at 1056.  "The irreparable injury flows both from the potential difficulty of proof of . . . damages, and also from the impairment of intangible values," in a trademark.  *Wynn Oil Co. v. Am. Way Serv. Corp.*, 943 F.2d 595, 608 (6th Cir. 1991) (internal quotation marks omitted).  The showing made above that CBC is infringing CFG's trademark thus also shows that CFG will be irreparably harmed.

### B.   The Balance Of Hardships Tips In CFG's Favor

The balance of harms also weighs strongly in favor of an injunction here.  CBC will not be harmed by maintaining the status quo during this lawsuit, that is, not re-branding its branches in Ohio from REPUBLIC BANK to CITIZENS BANK.  CBC is not currently operating any branches in Ohio under the mark CITIZENS BANK.  On the other hand, CFG's prior right to the

exclusive use of CITIZENS BANK in Ohio will be violated if CBC is permitted to proceed with its re-branding initiative.  Moreover, as noted, CBC's own admissions on its infringement claim against RBS CITIZENS will cause it to lose on CFG's counterclaim that CBC is infringing CFG's CITIZENS BANK mark.  While CFG can, and should, prevail on *both* its counterclaim and CBC's claim that RBS CITIZENS infringes CITIZENS BANK, it is not legally possible for CBC to prevail on its claim *and also* successfully defend against CFG's counterclaim.  In these circumstances, CBC can hardly be said to be harmed by an injunction that, as a necessary consequence of the assertions it makes on its own infringement claim, CFG is entitled to.

Any hardship that CBC may claim because it has to change its business plans or use a different trademark in Ohio is also not cognizable here.  CFG's federal registration for CITIZENS BANK has put CBC on constructive notice, since July 2000, of CFG's prior right to use that mark in all areas outside Michigan.  *See* 15 U.S.C. § 1057(c).  This motion also puts CBC on further notice of CFG's prior, exclusive right to use CITIZENS BANK outside Michigan.  If, notwithstanding this motion, CBC embarks on its plan to use CITIZENS BANK in Ohio, in violation of CFG's rights, it should not be heard to complain that it has or will suffer any hardship.  *See Ameritech, Inc. v. Am. Info. Techs. Corp.*, 811 F.2d 960, 963 (6th Cir. 1987) ("Prior to spending large sums of money to acquire the trade name, 'Ameritech,' defendant was well aware that the use of plaintiff's trade name in Ohio would be problematic.").

### C.    A Preliminary Injunction Serves The Public Interest

Finally, the public interest lies in "preventing consumer confusion and deception in the marketplace and protecting the trademark holder's property interest in the mark."  *Lorillard*, 453

F.3d at 383.  For a trademark to serve its purpose of identifying the products or services provided by the trademark owner, a court must stop infringers from using marks that will confuse consumers.  As set forth above, CBC's use of CITIZENS BANK in Ohio will cause consumer confusion and, thus, it is in the public interest to enjoin CBC's infringing use of this mark.  *See id.*

## CONCLUSION

The Court should therefore grant CFG's motion to enjoin CBC from using the service mark CITIZENS BANK in Ohio during the pendency of this lawsuit.

Dated: April 17, 2007                                    Respectfully submitted,


By:  ____/ s / Fred K. Hermann_____
     William A. Sankbeil (P19882)
     Fred K. Herrmann (P49519)
     Christi A. Patrick (P69676)
     Kerr, Russell and Weber, PLC
     Detroit Center, 500 Woodward Avenue
     Suite 2500
     Detroit, MI  48226-3406
     (313) 961-0200
     was@krwlaw.com
     fkh@krwlaw.com
     cap2@krwlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on April 17, 2007, I electronically filed the foregoing paper with the

Clerk of the Court using the ECF system which will send notification of such filing to the

following counsel for Plaintiff, Citizens Banking Corporation:

>Douglas P. LaLone, Esq.
>Glen E. Forbis, Esq.


Dated: April 17, 2007

>By: /s / Fred K. Hermann
>Fred K. Hermann (P49519)
>KERR, RUSSELL & WEBER, PLC
>Detroit Center, Suite 2500
>500 Woodward Avenue
>Detroit, Michigan 48226-3427
>(313)961-0200
>fkh@krwlaw.com
>
>Attorneys for Defendants / Counterclaim
>Plaintiffs CITIZENS FINANCIAL GROUP,
>INC., and CHARTER ONE BANK, and
>Counterclaim Plaintiff THE ROYAL BANK
>OF SCOTLAND GROUP, plc.